* Cuña advisari — A few days afterwards, Stowe delivered the final opinion of the court, that the set off was not allowable, and added he would give his reasons.— The idea, he said, of the unassignability of chases in action. is much altered now from wiial it was formerly.— Conns of Equity for a long time have protected such as-signmnits when for valuable consideration. Courts of Law also have lately come into ihe resolution of taking notice of them ; and vedy prop.-rly : for why should a Court of Law refuse to do what is really just and proper to be done, and what is usually and every day done in a Court of Equity ? Many of the ancient common law rules have been changed, merely because they would not do that which Courts ofEquity would. Accordingly Courts of Law now view the assignor of a chose in action for a valuable consideration, as a trustee for ihe assignee; and the thing assigned is really and substantially belonging to the assignee. One consequence resulting from this is, that a chose in action actually assigned for value is not liable to the after charges of the assignor, especially where the third person has notice of ihe assignment, and of course not to a set off of a sum subsequently becoming due from the assignor. My opinion is founded not only on the reason and propriety of tiie tiling, but ahm upon a case in 1 Term Be. 619, and the cases there cited, where the doctrine I am treating of, is fully established. The law of these cases has been recognized by several decisions in our own courts — by timt o! Smith and Powell, decided at. Halifax, on the l ist circuit ; and by hat of McDaniel and Tate, decided at Morgancon, some years ago.
It is said however, (hat these cases proceed- d upon fraud; but is not every case of -< fair assignm-nt f..r value, attempted to lie defeated by me assignor to <h. p e-judioe of the assignee, a case of fraud ? I think this mo- *554 det'ii doctrine respecting chases in action assigned, more peculiarly proper here, because our Courts of Law and Courts of Equity are united, and both jurisdictions to be exercised by the same Judges. It seems very idle to give a judgment at Lavs merely for the purpose of setting it aside or correcting it in a Court of Equity. It is more proper, because much less expensive and dilatory, for the Court of Law at once to make the same decision that is attainable by an application to the Court of Equity. I am also of opinion, the act* of Assembly meant to give efficacy to the assignment. It has certainly given the right of suing to the present Plaintiffs $ and if they are only Plaintiffs in form, as there is no instance of pleading a set off against a person who is not Plaintiff on record, I think that circumstance alone, independent of any consideration respecting the interest, sufficient to oust the Defendant of the set off he proposes to make. As to the doctrine of set offs, with respect to the quality of the demands capable in themselves of being set off, and the persons against whom they may be set off, I am of opinion, the law was accurately stated the other day from the bench.
The set off was disallowed. Then Williams moved for a new trial, the jury having not allowed interest enough, and being not opposed, it was granted.
Note.— Vide S. C. Con. Rep. 1 Wofford v. Greenlee, Ibid. 79. Roberts v. Jones, 1 Murph. 353. Noble v. Howard's Ex’rs. 2 Hay. 14.— Smith v. Powell, ante 452.